PIZZINI, PETITIONER, *v.* LLOREDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Arecibo in proceedings to secure the effectiveness of a judgment.

No. 118.—Decided March 20, 1914.

ATTACHMENT TO SECURE EFFECTIVENESS OF JUDGMENT—OBLIGATION NOT TO DO A THING.—An attachment to secure the effectiveness of a judgment in order to prohibit a defendant in an action for the annulment of possessory title proceedings from collecting rents for the use of lands from persons who had constructed houses thereon, will not be granted unless it be shown in a specific, concrete, and certain manner that the defendant had bound himself not to make said collections.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for petitioner.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is a petition for a writ of *certiorari* presented to this court by Attorney Rafael López Landrón, representing Carmen Pizzini de Matheu, to review the proceedings of the District Court of Arecibo in an action brought by Carmen Pizzini and others against Reverend Agustín Rexach y Dueño, as the representative of the Monserrate Hermitage of Arecibo, and the municipality of the said city, represented by its mayor, Manuel Pérez Avilés, for the cancellation and annulment of a possessory title proceeding, and for other purposes.

It appears from the allegations of the petition for the writ of *certiorari* and from the certified copies of documents accompanying the same that Carmen Pizzini de Matheu and others brought the said action in the District Court of Arecibo praying the court in their complaint to decree, among other things, that the plaintiffs were not legally bound to pay or to continue to pay to the Monserrate Hermitage or

to the Reverend Agustín Rexach y Dueño any sum as·rent or otherwise for the use, occupancy or possession of the lots which, with their own respective houses thereon, they were occupying within the four parcels of land described in the said complaint.

It also appears that the attorney for Carmen Pizzini filed in said court of Arecibo a petition for an attachment to secure the effectiveness of the judgment, praying that an order issue to the effect that upon the execution of a bond by the petitioner the defendant, Rexach y Dueño, be prohibited from proceeding now or in the future, privately or judicially, to collect any sum for the use of the lot which, with the house thereon, Carmen Pizzini was occupying pending the rendition of the corresponding judgment in the main action under the penalty of punishment for contempt, and that said order be communicated to the Municipal Judge of Arecibo, before whom an action of debt was being prosecuted against Carmen Pizzini by Rexach to recover rent for the use and occupancy of the lot occupied by her.

The District Court of Arecibo refused to grant the attachment prayed for on the ground that there was no claim for the fulfilment of any obligation not to do a thing in the principal complaint.

In support of her application for the writ of *certiorari* based on the foregoing facts, the petitioner invokes sections 1, 2 and 4 of the act to secure the effectiveness of judgments, as she understands that the complaint sets up a claim for the fulfilment of an obligation not to do a thing.

We are of the opinion that the Judge of the District Court of Arecibo proceeded in accordance with the law, because although in order to request and obtain from the court a precautionary measure to secure the effectiveness of the judgment to be rendered it is sufficient to demand the fulfilment of an obligation, whatever may be its nature, whether the sum be specific or indefinite, or it be an obligation to do or not to do a thing, or to deliver a sum of money or a spe-

cific thing, as said by us on March 12, 1905, in deciding the case of *Sobrinos de Ezquiaga* v. *Munitiz,* 8 P. R. R., 409, said obligation must be specific, concrete and certain, which requisites are lacking in the present case as it fails to show when, where, in what manner and to what person the defendant Rexach bound himself not to collect anything for interest, rent, or otherwise, for the occupancy of the lots comprised in the parcels of land in question.

If Reverend Rexach brings an action in any court for the unlawful recovery of money for the use and occupancy ·of the lots which he believes to belong to the Monserrate Hermitage of Arecibo, the defendants can plead the lack of a cause of action on the part of Rexach or exercise any other remedy in their defense which the circumstances may suggest, but an attachment to secure the effectiveness of judgment prayed for by the petitioner cannot be an adequate remedy.

The application for a writ of *certiorari* is dismissed.

*Writ of certiorari denied.*

Justices Wolf, del Toro and Aldrey concurred.